UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-06061-SP | Date | October 15, 2026 |
| Title | Bing Hao v. Markwayne Mullin, et al. | | |

| | |
|---|---|
| Present: The Honorable | Sheri Pym, United States Magistrate Judge |

| | | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| n/a | n/a |

**Proceedings:** **(In Chambers) Order Denying Petitioner's Ex Parte Application for a Temporary Restraining Order [2]**

The court has reviewed petitioner's Ex Parte Application for a Temporary Restraining Order (docket no. 2), which was filed in conjunction with petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 14, 2026. With both the Petition and TRO Application, petitioner seeks immediate release from immigration detention, as well as other relief.

As petitioner recognizes in her TRO Application, under General Order 26-05, what is effectively an expedited briefing schedule has already been set on the Petition here. *See* docket no. 5. As explained in General Order 26-05:

> The standard scheduling order is intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order. Applications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule.

*Id.* at 5 § 3. Thus, to obtain the ex parte relief of a TRO that petitioner seeks here, petitioner must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). To do this, "the evidence must show that the moving party's cause will be irreparably prejudiced if the motion is heard according to regular noticed motion procedures." *Id.* And under General Order 26-05,

the regular noticed motion procedures in a habeas case such as this provide for full briefing of the Petition within about 10 days if petitioner is represented, or within about 21 days if petitioner is unrepresented.

Here, petitioner has applied for a TRO because of the harm she is experiencing due to her loss of liberty. Although the court appreciates petitioner's desire for immediate relief under these circumstances, it finds petitioner has not shown she faces imminent, irreparable harm if her Petition is decided by the expedited briefing schedule set in accordance with General Order 26-05. In addition, the primary relief petitioner seeks in the TRO Application – release from custody – goes to the core merits question in the Petition, namely, the lawfulness of petitioner's present confinement. That question is best resolved through the expedited merits review established by General Order 26-05, rather than on an application for a TRO or preliminary injunctive relief. *See Senate of State of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) ("In general, that kind of judgment on the merits in the guise of preliminary relief is a highly inappropriate result.").

Accordingly, the court now ORDERS that petitioner's Ex Parte Application for a Temporary Restraining Order (docket no. 2) is DENIED WITHOUT PREJUDICE. The court will address petitioner's claims for relief after the completion of briefing on the Petition.